ANNA HALL, APPELLEE, V. R. JEAN MOORE ET AL., AP-
PELLANTS.

FILED FEBRUARY 8, 1906.  No. 14,401.

1. **Taxation: REMEDIES.** The sole remedy, in the first instance, of one
   who conceives that his property has been excessively valued for
   taxation is to apply to the board of equalization to correct the
   error.

2. **Appeal: FINAL ORDER.** An order overruling a motion to deny con-
   firmation of a judicial sale and to set the sale aside is not final or
   appealable.

3. **Tax Lien: FORECLOSURE: PARTIES.** A mortgagee of real property
   is not a necessary party to an action against the owner of the fee
   to foreclose a tax lien. Whether he is the proper party, *quære?*

APPEAL from the district court for Buffalo county:
CHARLES L. GUTTERSON, JUDGE. *Affirmed.*

*R. A. Moore* and *Edwin E. Squires,* for appellants.

*F. E. Beeman, contra.*

AMES, C.

Very little needs to be said about this case except to re-
late the steps already taken in it. Since the year 1889,
R. Jean Moore has been, and she is now, the owner of the
fee title of a certain city lot in the city of Kearney in this
state. Delinquent state, county and municipal taxes were
permitted to accumulate upon the lot from the years 1890
to 1895, both inclusive, and the liens therefor were ob-
tained by tax sale procedure, under the statute then in
force, by the appellee Anna Hall, who in November, 1896,
began an action in the district court for Buffalo county
for their foreclosure. There was at that time a mortgage
on the lot executed in March, 1890, by Mrs. Moore and
her husband, R. A. Moore, to one Oliver H. Dodd to se-
cure an indebtedness to the latter. Dodd was made a
party to the action, and constructive service was made

upon him pursuant to section 77 of the code. He did not appear in the case but was formally defaulted, and the action proceeded to trial upon issues raised by answers of the Moores and to a decree of foreclosure and sale on the 25th day of March, 1898. Dodd died in June of that same year, and the suit was never revived as to him, but after his death the Moores prosecuted an appeal from the decree to this court, where, in November, 1902, certain local assessments included therein were held to be void, and the decree was vacated and set aside, and the cause remanded to the district court, with instructions to ascertain the amount of the valid tax in accordance with the opinion of this court, and to enter a decree therefor. *Hall v. Moore*, 3 Neb. (Unof.) 574. A new decree in obedience to this opinion and a mandate from this court was rendered by the district court in May, 1903. The effect of the proceedings thus far was to relieve the property from certain unlawful impositions, and to ascertain the amount of the valid tax liens thereon, and to merge the latter in a judicial decree.

It is urged, however, that the former decree of the district court having been set aside, the later one is void as against the personal representative of the mortgagee because of failure to revive the suit as against her. In view of what follows we think the question is immaterial. The suit was brought to enforce the lien of a public charge or tax against the equity of redemption. In the opinion of the writer, there is much reason to doubt whether a mortgagee is even a proper party to such a suit, but he is certainly not a necessary one. He is not a party to any previous step in the tax proceedings, and his right of redemption is granted to him by statute, and is required to be exercised within the time and in the same manner in which the same right may be availed of by the owner of the fee. But if, as appellants contend, this right is not cut off by a judicial decree of foreclosure to which he is not a party, as it certainly would be by the lapse of time after a valid tax sale, he has nothing of which to make a just complaint.

In the interval between the death of Dodd and the rendition of the decree of May, 1893, appellant Maude M. Keck procured an assignment to herself of the mortgage from the personal representative of the former.  In April, 1904, she began an action in the district court for Buffalo county to perpetually enjoin a sale of the lot under the decree, and to cancel the latter on the ground that neither she nor her assignor was a party to nor bound by it, and that for several years the property was by the negligence and mistake of the precinct assessor appraised for taxation, both upon his returns and upon the tax lists, at a sum largely in excess of its true value, so that the amount of tax levied upon it in those years is exorbitant.  Meantime the lot was advertised and sold under the decree, and both she and R. Jean Moore, the owner of the title, moved the court, separately, to deny confirmation, and to set aside the sale and decree on these grounds, attaching the petition in the injunction suit to their motions by way of evidence.   From an order overruling their motions they have appealed to this court.  But the sale has not been confirmed, and a motion for confirmation is still pending and undisposed of.  The order appealed from is therefore, in that respect, not final or appealable.  It can hardly be necessary to cite authority to the effect that the motion and petition, so far as they attack the validity of the decree itself and ask its vacation, state no cause of action or ground for relief.  The exclusive remedy, in the first instance, of one who conceives that his property has been excessively valued for taxation is to apply to the board of equalization to correct the error.  Whether even this remedy is open to a mortgagee, it is not necessary now to decide.

We have already given our reasons for holding that the decree is not void or impeachable for lack of jurisdiction or irregularity in procedure.  R. Jean Moore, the owner of the fee, was personally served with process and participated in the trial, so that she has had her day in court and must abide by the result of the litigation.  Maude M.

Keck, or her assignor of the mortgage, was not a necessary party, and if neither of them has been brought within the jurisdiction of the court the rights of neither have been affected, no harm has been done, and no error committed of which they, or either of them, can complain. If either was a proper party and desired to become a party to the record, reasonable application to that end should have been made during the pendency of the action. If either was a party both are, of course, bound by the result. In no conceivable view of the case is there ground for the vacation of the decree on motion. The holder of the mortgage may exercise, at any time before confirmation of the sale, the mortgagor's right of redemption, and has thus a speedy and adequate remedy for the protection of her rights in the ordinary course of practice. For these reasons, it is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.