WESTERN UNION TELEGRAPH COMPANY, APPELLEE, V. DOUGLAS COUNTY ET AL., APPELLANTS.

FILED MAY 17, 1906. No. 14,612.

1. A suit in equity will not lie when the plaintiff has a plain, adequate and speedy remedy at law.

2. Taxation: OVERVALUATION: REMEDY. The statute affords a plain adequate and speedy remedy to one whose property has been excessively valued for taxation and in cases in which the county board of equalization has committed prejudicial errors or irregularities in procedure.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Reversed and dismissed.

W. W. Slabaugh and A. H. Murdock, for appellants.

W. W. Morsman and F. A. Brogan, contra.

AMES, C.

In May, 1904, the county assessor of Douglas county delivered to appellee a printed notice accompanied by a blank form requiring it to make and return a statement for the purposes of assessment and taxation showing in detail the description and amount or value of its tangible personal property situate in the county and also "gross receipts for the year, representing franchise valuation as per detailed statement on back." The president of the company made a return under oath showing the amount in value of such personal property to be $20,208.90, and of such gross receipts $27,092.29, and computing the two items as a "total personal" of $47,301.19. Substantially

this latter amount the assessor returned as his own valuation for the purposes of taxation of the personal property and franchises of the appellee. Subsequently the county clerk by direction of the county board served the appellee with a written notice to the effect that complaint had been made that its assessment of personalty was too low, and requiring it to appear before the board at the office of the latter on a day and hour named "and show cause, if any there be, why said assessment should not be raised." At the time and place named in the latter mentioned notice the company did appear by its manager, and such proceedings were had and done that the board caused to be entered upon its records in connection with the proceedings the words "Raised to $77,300." In due time the clerk extended the assessment, as thus raised, upon his tax list showing the "assessed value" of the personalty of the company to be $15,460 instead of $9,460 as returned by the assessor, and taxes were levied on the former sum in the amount of $477. But before the tax became due, this court had held in *Western Union T. Co. v. City of Omaha*, 73 Neb. 527, that so much of the revenue act of 1903 as requires the gross receipts of the company to be taken as a measure of the value of its franchises is unconstitutional and void, and the appellee thereupon tendered and offered to pay to the treasurer so much only of the tax as was founded upon its own estimate, made and returned as above stated, of the actual value of its tangible personal property, namely, $20,208.90. The tender was refused, whereupon this action was begun seeking a perpetual injunction against all of the tax in excess of the tender. There was an answer and a trial, but no dispute of facts, and a decree was rendered as prayed. The county appeals.

It seems to us that the appellee, plaintiff below, mistook its remedy. It cannot be disputed, and it is not attempted so to be, that the assessor and county board were acting within the limits of the powers conferred upon them respectively by the statute, nor can it be questioned that the plaintiff was subject to taxation upon its tangible person-

alty and franchises. Nor, we think, can it be doubted that gross receipts may be taken into account in estimating the value of franchises; in fact we are unable to understand how the latter can be based upon anything but the revenues they yield, although the legislature cannot prescribe such revenues as the measure of values. If the official mind was unduly influenced by a consideration of the plaintiff's income, and as a consequence placed an excessive estimate upon the value of its possessions, the statute affords it a speedy and effectual remedy by appeal; but the error, if any, did not deprive the board of equalization of jurisdiction or render its determination subject to collateral attack.

It is also urged that the action of the board could have been properly founded only upon a formal written complaint and that none was filed with it. The statute, unlike the preceding revenue law, does not require such a complaint. Comp. St. 1903, ch. 77, art. I, sec. 122. The plaintiff was served with the statutory notice and appeared in response thereto, and made no demand for a formal complaint and no objection because of its absence. If there was or had been any irregularity of procedure in this respect, it was or would have been insufficient to deprive the board of jurisdiction, which it acquired by service of notice and the appearance of the party. The error, if prejudicial, would have been subject to correction by petition in error in the district court, but would not have wholly avoided the proceeding so that it could have been held for naught in a collateral action. In short, if the plaintiff's property and franchises were excessively valued for taxation, or if prejudicial errors and irregularities intervened in the procedure of the county board, the statute afforded the plaintiff a plain, adequate and speedy remedy, and the plaintiff's petition in equity states no cause of action. It is recommended, therefore, that the judgment of the district court be reversed and the action dismissed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the action dismissed.

REVERSED.