STATE, EX REL. CLARENCE A. DAVIS, ATTORNEY GENERAL, V. AMERICAN STATE BANK:
LANCASTER COUNTY, CLAIMANT, APPELLEE: K. C. KNUDSON, RECEIVER, APPELLANT.

FILED JULY 7, 1926. No. 24248.

1. **Taxation: ASSESSMENT: CORRECTION OF RETURN.** Where an officer of a bank, pursuant to section 5887, Comp. St. 1922, makes a return to the assessor of the value of the capital stock of the bank and the assessed value of real estate, owned by such bank, which is deducted from the capital stock, and a tax is levied upon the assessment based upon the return, and where an action is brought for the enforcement of the tax, it is not competent to show, as a defense thereto, that the assessed value of the real estate owned by the bank was in excess of the amount returned by the officer of the bank. In such case, there is no relief for the mistake in the return, except in an application to the board of equalization, at a proper time.

2. **Evidence** examined, and held to sustain the judgment.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*C. M. Skiles, Claude S. Wilson* and *Albert S. Johnston,* for appellant.

*Charles E. Matson, Max G. Towle* and *Farley Young, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

DAY, J.

This is an appeal by the receiver of the American State Bank of Lincoln from a judgment allowing a claim in favor of the county of Lancaster against the bank for taxes, for the year 1921 and ordering the receiver to pay the same out of the assets of the bank in his possession, and, if the assets be insufficient for that purpose, that the deficiency be paid out of the guaranty fund. There is no dispute in the evidence.

On July 1, 1921, in a proper proceeding brought by the attorney general, a receiver was duly appointed to take charge and wind up the affairs of the American State Bank. On April 1, 1921, the American State Bank, through its proper officers, made a return of its property to the assessor of the county of Lancaster for assessment purposes. The return was made out on the form of schedule used by banks for this purpose and was properly verified. The schedule disclosed that the capital stock of the bank was $100,000; that there was a surplus of $10,000 and a deficiency of $10,338.22, leaving a net value of the stock, according to the schedule, of $99,661.78. The return also showed real estate assessed on a fair cash basis, $20,000, which deducted from $99,661.78 would leave a taxing value of $79,661.78.

The assessor in arriving at the value of the stock added to the capital stock the amount of the deficit, instead of the amount of the surplus, as shown by the return, and subtracted therefrom $20,000, claimed by the bank as the assessed value of the real estate, leaving a taxable value of $90,338.22. He should have added the $10,000 surplus to the capital stock and deducted from this amount the deficit

742        NEBRASKA REPORTS.        [VOL. 114

State, ex rel. Davis, v. American State Bank.

and the value of the real estate, leaving a taxable value of $79,661.78. The assessor's value of the stock returned to the board of equalization was $90,350. The effect of this error was to increase the amount of the assessment by approximately $10,000. The bank had no notice of this error and the consequent increase. Upon the valuation returned by the assessor the county board levied a tax amounting to $1,849.19.

In April, 1923, the county of Lancaster filed its claim in the receivership case for the taxes of 1921, alleging there was due the county $1,849.19 with interest, aggregating $2,108.05, and praying that it be allowed as a preferred claim and that it be paid, if necessary, out of the guaranty fund. The trial court found that on account of the error made by the assessor, as above stated, the amount assessed against the bank should have been $1,630.85, instead of $1,849.19 found by the board, and entered judgment in favor of the county for that amount with interest at 10 per cent. from December 1, 1921, aggregating $2,045.37, and ordered the receiver to pay the amount from the assets of the bank in his possession and, if the assets be insufficient for that purpose, that the deficiency be paid out of the guaranty fund.

It is first contended by the receiver that the assessment was invalid, because by an error in computation, on the part of the assessor, the value of the property, as returned by the bank for assessment purposes, was increased about $10,000 without notice to the bank. It appears, however, that the court in its judgment considered the error on the part of the assessor and reduced the amount of the claim so that the amount allowed was based on the return as made by the bank. With the correction of the error, the objection urged seems to be without merit.

It is next urged by the receiver that the assessment is invalid because the assessor failed to deduct from the returned value of the capital stock of the bank the assessed value of the real estate. Section 5887, Comp. St. 1922, which was in force at the time of the assessment, among

State, ex rel. Davis, v. American State Bank.

other things provides in substance that certain officers in banks shall, on April 1 of each year, make out and deliver to the assessor a return under oath, showing the number of shares comprising the capital stock of the bank, the name and residence of the stockholders, and the value of the shares on April 1, and where the bank has real estate, which is separately assessed, the value thereof shall be deducted from the capital stock.

It will be noted that in the return made by the officer of the bank the assessed value of the bank's real estate was listed at $20,000, which the assessor assumed to be correct and deducted that sum from the valuation of the capital stock. It now transpires that the assessed value of the real estate owned by the bank was $72,000. It is quite apparent, therefore, that if this latter sum had been deducted from the value of the capital stock the tax against the bank would have been materially reduced. How this discrepancy occurred is not explained. As before stated, with the exception of the error in computation to which reference has been made, the assessor assessed the value of the bank as returned by the bank. No complaint or objection was made by any one to the assessor or the board of equalization that the return as made by the bank was not correct, and the tax was levied upon the valuation returned by the assessor. It is argued by the receiver that it was the duty of the assessor to ascertain the assessed value of the bank's real estate and deduct that amount from the value of the capital stock. We are of the view, however, that the assessor had the right to rely upon the return made by the bank if he saw fit to do so, and that he was not obliged to examine the record to verify the statements in the return. It might frequently happen that real estate owned by the bank would be situated in another county or state from where the return was made, and it would be impracticable, if not impossible, for the assessor to examine the records. On this phase of the case, we conclude that it was not necessarily a part of the assessor's duty to examine the records to determine whether the return as made was correct.

State, ex rel. Davis, v. American State Bank.

As we understand this phase of the case, it is an attempt, in the defense of the collection of a tax legally levied, to correct the judgment of the board of equalization on a matter which was never called to its attention. We are unable to see how the receiver, who stands in the shoes of the bank in this matter, can avail himself of the error or mistake made by the bank. The board of equalization sits for the purpose of correcting errors and equalizing taxes, but no one appeared to object or complain of the assessment. It is too late now to successfully raise the point that the tax assessed is too high. It has repeatedly been held that where the board of equalization has jurisdiction its action cannot be reviewed in a collateral action. *Hahn System v. Stroud,* 109 Neb. 181, and cases cited; *Western Union Telegraph Co. v. Douglas County,* 76 Neb. 666.

It is next urged by the receiver that the tax assessed was, in fact, a tax against the individual stockholders and in no event could the guaranty fund be held liable for its payment. Section 5887, Comp. St. 1922, above referred to, also provides in substance that the bank shall pay the tax assessed upon its capital stock and shall have a lien on the stock for the same. It is within the province of the legislature to adopt such method for the collection of the tax. The mere fact that a receiver was appointed did not supersede the statute or in any way relieve the bank from the obligation to pay the tax. Did the court err in ordering the receiver to pay the tax out of the guaranty fund? It appears that at the time the receiver was appointed the bank had on hand ample funds to pay the taxes. This fund was turned over to the receiver and should have been used by him in payment of the taxes. Instead of using this fund to pay taxes, it was used in partial discharge of the liability of the bank to its depositors. Section 8033, Comp. St. 1922, in force at the time, provides in substance that "federal, state, county and municipal taxes" shall have priority over all other claims. The record is not clear whether the receiver, at the time of the judgment, had in his hands assets of the bank sufficient to pay the judgment, independent of

the amount received from the guaranty fund. Assuming, however, that the receiver used the assets of the bank which should have been applied to the payment of the taxes to pay the depositors, it would seem that there would be no inequity in requiring the taxes to be paid out of the guaranty fund upon the theory of subrogation.

Considering the whole record, we are quite convinced that the judgment of the district court is fully sustained and should be and is

AFFIRMED.