ABRAHAM ROSENBERY, APPELLANT, V. DOUGLAS COUNTY ET AL., APPELLEES.

FILED OCTOBER 7, 1932. No. 28423.

804

 

*B. N. Robertson,* for appellant.

*John F. Moriarty, Harry B. Fleharty, Thomas J. O'Brien, B. J. Boyle, Henry J. Beal* and *John W. Yeager, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action to enjoin the collection of an alleged void tax on realty. The district court denied any relief to plaintiff, and he has appealed.

Plaintiff is the owner of two lots in the city of Omaha. It is conceded that at the regular quadrennial assessment in 1930 the county assessor increased the assessed valuation of the two lots over the last previous assessment to the extent of $5,500; that no notice of such increase was given to plaintiff; that he had no knowledge of such increase in valuation until after the county board of equalization had finally adjourned, and that the tax was levied on the basis of the increased value.

Prior to 1921 the owner of real estate listed the same for taxation purposes and placed a value thereon. In 1921 the legislature provided for the biennial assessment of real estate, and in 1925 again amended the law and provided for quadrennial assessment of real estate in the year 1926 and every fourth year thereafter, and provided that such assessed valuation, with certain exceptions, should be used for the basis of taxation until the next regular assessment. The law of 1925 did not require any notice to the landowner of an increase in the assessed valuation of his realty. In 1927 the law was again amended, and now appears as section 77-1612, Comp. St. 1929, which section, in so far as applicable, reads:

"The county assessor shall complete his revision of the same (lists and returns of the precinct assessor) and shall file them with the county clerk on or before the second Monday of June of each year. In years in which real estate is assessed for taxation purposes, it shall be the duty of the county assessor, before such filing, to notify the record owner of every piece of real estate which has been valued at a higher figure than at the last previous assessment. Such notice may be given by post card, addressed to said owner's last known address. It shall describe said real estate, and state old and new valuation thereof and the date of the convening of the board of equalization."

Plaintiff contends that the taxing authorities were without power to increase over the last previous assessment the value of his real estate for taxation purposes without first giving him notice of such increase, as provided by said section. Defendants contend that such notice is not jurisdictional; that failure to give the notice does not render void the tax on the increase in value, and that plaintiff may not be heard to complain in a court of equity, unless he alleges and proves that his realty is, in fact, assessed higher than its actual value or at a greater proportion of such value than other realty generally. Plaintiff seeks to enjoin the collection of that part only of the tax represented by the increase in valuation of his lots.

This is the first time that this court has been called upon to place a construction on that part of section 77-1612, Comp. St. 1929, which provides for a notice to the landowner of any increase in the assessed valuation of his realty over the last previous assessed valuation thereof. Kindred questions have been frequently before this court, and the rules announced were doubtless known to the legislature. At a time when the law provided for the listing of property, both personal and real, by the owner for taxation, it has been held on numerous occasions that any increase by the taxing authorities of the

value so listed by the owner, without notice to such owner, was invalid and could not be enforced.

In *Sioux City & P. R. Co. v. Washington County,* 3 Neb. 30, it was held that the county board of equalization could not at any time increase the assessed valuation without notice to the person whose rights and interests were affected thereby. In that case, an increased value was placed upon the property without notice, and was held invalid. Similar holdings have been made in the following cases: *South Platte Land Co. v. Buffalo County,* 7 Neb. 253; *Dixon County v. Halstead,* 23 Neb. 697; *Spiech v. Tierney,* 56 Neb. 514; *Grant v. Bartholomew,* 57 Neb. 673; *Bankers Life Ins. Co. v. County Board of Equalization,* 89 Neb. 469; *Brown v. Douglas County,* 98 Neb. 299; *Farmers Co-operative Creamery & Supply Co. v. McDonald,* 100 Neb. 33; *Crane Co. v. Douglas County,* 112 Neb. 365; *Northwestern Bell Telephone Co. v. State Board of Equalization and Assessment,* 119 Neb. 138.

In *Grant v. Bartholomew, supra,* this court held: "A board of county commissioners, sitting as a board of equalization, without notice to the landowner and without a complaint that his real estate was assessed too low, raised the value placed thereon by the assessor. *Held,* that the board was without jurisdiction and its action a nullity."

In *Brown v. Douglas County, supra,* it was held: "A county board of equalization cannot raise the assessed valuation of the real estate of an individual taxpayer without a complaint and without notice to the person affected thereby.

"So much of the taxes as are levied upon the valuation above that fixed by the county assessor is void, and its collection may be enjoined." And such is the effect of all the decisions above noted.

It may be observed that under the law of 1925 the owner of real estate had no means of knowing what assessed valuation would be placed upon his real estate at the quadrennial assessment, except by going to the county

assessor's records and examining and ascertaining for himself the valuation placed upon each particular tract that he owned. No doubt the legislature deemed this a burden upon the owner of real estate, and that it would cast a great burden upon the county assessor to be obliged to submit his records to every landowner in the county, in order that he might know the assessed valuation placed upon his realty. Having this in view, the legislature enacted section 77-1612, Comp. St. 1929, as it now exists, and provided that no increase should be made over the last previous assessment without notice to the landowner, advising him also of the date when the board of equalization would meet. The legislature no doubt intended that the owner of realty might rely upon the last previous assessed valuation of his real estate as being that at which it would be returned again, unless he received notice of increase and was afforded an opportunity to appear before the board of equalization and contest such increase in value, if he felt that the increase was unwarranted.

The legislature was undoubtedly advised of the construction placed upon the former statutes relative to the increase in assessed valuation of property without notice to the owner, and we think it is clear that it intended that the owner of realty could rest secure against any increase over the last previous assessed valuation of his realty unless he was given notice of an increase. This view is supported by the decisions of other states.

In *Goldsmith v. Standard Chemical Co.*, 77 Colo. 1, it was held: "Failure of a county assessor to give notice and opportunity to be heard on the question of increased valuation of property, as required by sections 7291 and 7292, C. L. '21, *held* to invalidate the increased levy."

In *County Commissioners of Allegany County v. Union Mining Co.*, 61 Md. 545, quoting from Cooley on Taxation, it was said: "The courts have been particularly careful to see that revisory tax tribunals did not change assessments to the prejudice of taxpayers, who, under the

circumstances, had no reason to look for or anticipate any such change. * * * If authority is conferred upon the board of review, to change assessments under any specified circumstances, the existence of those circumstances is a condition precedent to their action."

In *Clark & Wilson Lumber Co. v. Weed*, 137 Or. 186, it was held: "Procedure prescribed by legislature in respect to levying tax must be strictly observed.

"Statutory provision relating to tax levy, object of which is protection of taxpayer and safeguard against excessive levies, is mandatory."

Upon reason, as well as under the authorities cited, we are forced to the conclusion that the provision of section 77-1612, Comp. St. 1929, regarding notice is mandatory, and failure to give the notice required is fatal to the tax levied on the increase in valuation of the property.

Defendants suggest that plaintiff may not be heard in a court of equity unless he pleads and proves that the value placed on his lots by the county assessor is in excess of its actual value, or that it has been assessed at a higher percentage of its actual value than other real estate generally. This contention is without merit. This court has specifically held that so much of the tax as is levied upon the value above that fixed by the county assessor is void and its collection may be enjoined. *Northwestern Bell Telephone Co. v. State Board of Equalization and Assessment, Brown v. Douglas County*, and *Farmers Co-operative Creamery & Supply Co. v. McDonald, supra*.

It follows that collection of the taxes levied upon the increase of $5,500 in the value of plaintiff's lots for the year 1930 and any subsequent years, based on such assessment, should be and is enjoined until said assessment has been lawfully changed.

JUDGMENT REVERSED.