FRED E. BOETTCHER ET AL., APPELLANTS, V. COUNTY OF HOLT ET AL., APPELLEES.

79 N. W. 2d 183

Filed November 9, 1956. No. 34007.

*Francis D. Lee*, for appellants.

*William W. Griffin,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity instituted by Fred E. Boettcher and 18 other named persons, residents of Holt County, Nebraska, on their own behalf and on behalf of all other residents of Holt County similarly situated, plaintiffs and appellants, against the County of Holt, Nebraska, the county treasurer, the county assessor, the county board of equalization, the county clerk, and the seven county supervisors of Holt County, Nebraska, defendants and appellees, the object and purpose of which is to secure an injunction against the collection of taxes based upon the valuation of real estate for the year 1955 which was in excess of the valuation for the year 1954.

The plaintiffs duly filed their petition and to it the defendants filed a general demurrer. The demurrer was sustained and the action dismissed. From the order sustaining the demurrer and the judgment dismissing the action the plaintiffs have appealed.

The assignments of error as grounds for reversal are that the court erred in sustaining the demurrer; that the court abused its discretion; and that the order entered is not sustained by and is contrary to law.

Attention has not been called in the briefs to the abuse of discretion of which complaint is made, therefore it becomes apparent that the only question for consideration is that of whether or not the petition states a cause of action. This of course requires an examination of the petition. The examination is to be made in the light of the following rule: "A general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact." In re Estate of Halstead, 154 Neb.

31, 46 N. W. 2d 779. See, also, Richter v. City of Lincoln, 136 Neb. 289, 285 N. W. 593; Johnson v. Marsh, 146 Neb. 257, 19 N. W. 2d 366.

It does not appear that the petition should be set out in its entirety here. The conclusion reached is that a summary of pertinent parts will suffice. What it is believed contains a fair summary of the pertinent parts follows.

By the petition it is alleged that all of the named plaintiffs were in 1955 the owners of lands in Holt County, Nebraska, described in the petition, and that the defendants, except the county itself, were officers of the County of Holt as described above; that the board of equalization of the county, prior to the time fixed by law for it to sit as a board of equalization, entered into a contract with E. T. Wilkins Associates, without complying with statutes, to appraise and revalue the real estate in the county; that a report required by the terms of the agreement with E. T. Wilkins Associates was not furnished; that E. T. Wilkins Associates and a reappraisal committee made a reappraisal and reclassification of the real estate in the county but that it was contrary to the statutes and the Constitution of the State of Nebraska (the identity of the committee is not clearly disclosed); that the appraisal was illegal and unconstitutional for the following reasons: E. T. Wilkins Associates were unlawfully employed; the report was made to the county assessor and not to the board of equalization; that no minutes were in the hands of the county assessor and that the assessment of the assessor was made from the records of E. T. Wilkins Associates; that the committee failed to make a report to the county assessor before May 1, 1955; that E. T. Wilkins Associates used unqualified workers; that E. T. Wilkins Associates failed to make actual inspections; that each of the plaintiffs was given due notice prior to the first Monday in May that his assessment had been changed from the previous year which change was described in the notice; and that also

they were given notice that E. T. Wilkins Associates would conduct preliminary hearings as to the values between May 2 and 6, 1955, which notice contained a request that they respond before going to the board of equalization.

Following this series of alleged incidents of illegality and unconstitutionality are allegations of inability to be heard by E. T. Wilkins Associates, and impropriety of action by the board of equalization at its hearings and in the making and preservation of records.

As already indicated the petition specifically declares that each of the plaintiffs was duly notified of change of value of his property with information as to the change made together with proper information as to the time of the convening and the sessions of the board of equalization. The members of the class in whose behalf the action was instituted were likewise duly notified.

As has been made clear the petition challenges the legality and constitutionality of steps leading up to the assessment, but at no point in the petition is it alleged that any one or more of the plaintiffs ever protested or attempted to protest to the board of equalization the value placed upon his or their property by the county assessor.

Before it may be said that the court erred in sustaining the general demurrer an allegation or allegations of fact must be found the effect of which, if true, would render the assessment to the extent that it exceeds the assessment for the previous year void.

The brief of appellants fails to point particularly or specifically to any such allegation or allegations.

An examination of the petition discloses allegations which, if true, may be regarded as irregularities taking place during the sessions of the board of equalization but nothing has been pleaded the effect of which could in law be said to render void the assessment made by the assessor or the equalization made by the board of

equalization, or to have deprived the plaintiffs of any right to which they were entitled.

These allegations of the petition condensed present the following elements which it appears are basic in the determination of whether or not the plaintiffs have stated a cause of action:

The petition effectually declares that the assessor made the assessment as he was required to do. The only complaint is that the basis for the valuations came from an improper source.

The petition specifically declares that proper statutory notices of increase were given which notices gave the required information as to the sittings of the board of equalization.

The petition declares effectually that the board of equalization failed and refused to receive and hear numerous complaints as to valuation. It does not declare that any complaint from these plaintiffs was individually or collectively ever made or refused or that hearing was denied.

This court effectually said in Midwest Popcorn Co. v. Johnson, 152 Neb. 867, 43 N. W. 2d 174, that if a county assessor performs the duties in fixing the value of property in the manner required of him by law the fact that in the performance of the duties he resorted to recommendations and evidence furnished by an appraisal committee does not affect the validity of the assessment.

Even if an assessor does fail to make an inspection of real estate and relies upon and accepts for assessment purposes the valuation of an appraiser the assessment is not rendered void. It does not afford grounds for injunctive relief. The only effect of this is to give to the taxpayer in a proper action the right to a reduction on proof that the valuation was excessive. Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489.

Where the complaint of a taxpayer is based upon irregularities as distinguished from incidents rendering

the tax void the remedy of the taxpayer is not by injunction but by resort to the board of equalization. See, South Platte Land Co. v. City of Crete, 11 Neb. 344, 7 N. W. 859; Western Union Telegraph Co. v. Douglas County, 76 Neb. 666, 107 N. W. 985; Power v. Jones, 126 Neb. 529, 253 N. W. 867; Gamboni v. County of Otoe, *supra;* LeDioyt v. County of Keith, 161 Neb. 615, 74 N. W. 2d 455. In this case the plaintiffs did not resort to this remedy. This is an exclusive remedy where, as in this case, a party has received a valid statutory notice of an increase in the value of his real estate. Gamboni v. County of Otoe, *supra;* LeDioyt v. County of Keith, *supra.*

In this case as already indicated the petition does not state that the plaintiffs or any of them ever availed or attempted to avail themselves of this remedy which was open to them. From the fact, if it was a fact, that unnamed persons attempted to avail themselves of this remedy and were denied by the board of equalization can flow no right of action in favor of these plaintiffs.

In the light of the observations made herein the conclusion is inescapable that the petition of plaintiffs failed to state a cause of action and that the demurrer was properly sustained.

The judgment of the district court is accordingly affirmed.

AFFIRMED.