L. G. SCUDDER, APPELLEE, v. COUNTY OF BUFFALO, APPELLANT.

102 N. W. 2d 447

Filed April 15, 1960. No. 34743.

Robert A. Munro and Charles H. Beatty, for appellant.

Dier & Barton, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for a declaratory judgment in which plaintiff prays for an adjudication of the rights of the parties growing out of an alleged mistake in the assessment of plaintiff's property for the years 1956 and 1957. The defendant denied generally and asserted that plaintiff was not entitled to relief under the Uniform Declaratory Judgments Act on the facts stated in the petition. The trial court found for the plaintiff and defendant has appealed.

There is no bill of exceptions filed in this case. The only question before the court is whether or not the judgment is supported by the pleadings. The facts alleged in the petition will be accepted as true in making this determination.

The facts are: On March 1, 1956, and March 1, 1957, plaintiff was the owner of certain real estate described in the petition upon which plaintiff had constructed an elevator for the storage of grain. The county assessor of the defendant county assessed the property for tax purposes for 1956 and 1957 in the amount of $630,585.

In making an assessment of the property in 1958, it was discovered that an error had been made by the county assessor in the years 1956 and 1957 as to the volume, size, character, context, and equipment on the premises and, but for such mistake, the assessed value should have been $438,060 and $429,120, respectively, for those years. It is upon these admitted facts that the trial court ordered a correction of the mistakes and a reduction of the assessed valuations on plaintiff's property for 1956 and 1957 as if no mistakes had been made.

It is a fundamental rule of tax law in this state that relief from the overassessment of property for tax purposes is by appeal to the district court from the order of the county board of equalization fixing the assessed value of the property. The remedy thus given is full, adequate, and exclusive. Hall v. Moore, 75 Neb. 693, 106 N. W. 785; Power v. Jones, 126 Neb. 529, 253 N. W. 867; Homan v. Board of Equalization, 141 Neb. 400, 3 N. W. 2d 650; Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489. The claim that property is assessed too high for taxation purposes cannot be made, in the first instance, by direct application to any other body or by a collateral attack in law or equity, in the event of failure to bring the matter before the county board of equalization and to appeal therefrom in case of an adverse determination. Gamboni v. County of Otoe, *supra.*

A collateral attack may be made upon an assessment of property for tax purposes only if the assessment, or some part thereof, is wholly void. The rule is sometimes stated in our cases that the assessment must be void, or the result of willful discrimination or other fraudulent conduct of the assessing officers. No willful discrimination or fraud is here asserted, and we make no further reference to them. An overassessment is an erroneous assessment but not a void one. Boettcher v. County of Holt, 163 Neb. 231, 79 N. W. 2d 183. The statutes of this state, sections 77-1501 to 77-1513, R.

R. S. 1943, provide a complete and adequate remedy which, if not pursued, results in a final determination of the value of the property for taxation purposes unless the assessment is entirely void. S. S. Kresge Co. v. Jensen, 164 Neb. 833, 83 N. W. 2d 569. We necessarily conclude that an error in an assessment of property for taxation purposes, whether it be one of judgment or compilation, can be corrected only by the exclusive method provided by statute and, unless void, it cannot be collaterally attacked. See, Western Union Telegraph Co. v. Douglas County, 76 Neb. 666, 107 N. W. 985; Boettcher v. County of Holt, *supra*. The plaintiff not having availed himself of the statutory remedy provided cannot maintain the present action which is, in effect, a collateral attack upon the assessment made.

The plaintiff contends that the declaratory judgment act provides for a declaration of rights and status where the record shows a plain mistake in the appraisal and assessment of property. We do not agree with this contention. The act does not create a new cause of action where one did not previously exist. The purpose of the act is to provide a method for having issues speedily determined which would otherwise be delayed to the possible injury of those interested, if they were compelled to await the ordinary course of judicial proceedings. Stewart v. Herten, 125 Neb. 210, 249 N. W. 552. Where an exclusive remedy is provided, the declaratory judgment act does not provide an additional remedy. A declaratory judgment action can afford no relief to one who has failed to pursue a full, adequate, and exclusive statutory remedy. In fact, the general rule is that an action for a declaratory judgment will not be entertained when another equally serviceable remedy has been provided. Stewart v. Herten, *supra*. It certainly was never intended as a cumulative remedy to one who has failed to pursue a full, adequate, and exclusive remedy.

The plaintiff contends that section 77-1735, R. R. S.

1943, does not provide an adequate remedy and that this justifies relief under the declaratory judgment act. We think the foregoing section provides an exclusive remedy for recovering taxes paid where the tax was levied or assessed for an illegal or unauthorized purpose. Loup River Public Power Dist. v. County of Platte, 144 Neb. 600, 14 N. W. 2d 210. In the absence of such statutory provision, taxes voluntarily paid cannot be recovered back. Riggs-Orr Investment Co. v. City of Omaha, 130 Neb. 697, 266 N. W. 430. We have no such situation here. The tax before us was not levied for an illegal or unauthorized purpose. The plaintiff's claim is based on a mistake of the county assessor in compiling and determining the assessed value of the property. It is not a claim for a refund under section 77-1735, R. R. S. 1943, since the taxes have not been paid. We conclude that no rights have arisen under this section which are subject to declaration by declaratory judgment. The exclusive statutory remedy may not be circumvented by invoking the provisions of the declaratory judgment act. While the act does authorize a declaration of rights, status, and other legal relations whether or not further relief is or could be claimed, it may not declare rights to exist which are grounded on unfulfilled conditions precedent with which the plaintiff may or may not be able to comply. It is fundamental, we think, that until such conditions precedent have been complied with, the remedy does not exist. Under such a situation, the plaintiff has no accrued rights under this section of the statutes that can be determined by the declaratory judgment act. The fact that plaintiff asserts that the exclusive remedy provided by section 77-1735, R. R. S. 1943, is not adequate to meet the situation which confronts him, does not authorize the use of the declaratory judgment act, as we have heretofore defined the purpose of that act, as a cumulative remedy.

The petition in the instant case does not state facts

entitling plaintiff to any relief. The judgment of the trial court is not therefore supported by the pleadings. The judgment of the district court is reversed and the cause remanded with directions to dismiss plaintiff's petition.

REVERSED AND REMANDED WITH DIRECTIONS.