147 N.W.2d 522 (1966)
181 Neb. 182
Frank J. MURPHY et al., Appellants,
v.
HOLT COUNTY COMMITTEE OF REORGANIZATION OF SCHOOL DISTRICTS et al., Appellees.
No. 36332.
Supreme Court of Nebraska.
December 29, 1966.
*523 Leo F. Clinch, Burwell, Norman Gonderinger, O'Neill, for appellants.
Wagoner & Grimminger, Grand Island, William W. Griffin, O'Neill, for appellees.
Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and FLORY, District Judge.
BOSLAUGH, Justice.
This is a suit for a declaratory judgment to determine the validity of the organization of School District No. 25 of Holt County, Nebraska. School District No. 25 is a Class VI district which was organized by the election method.
The plaintiffs are electors residing within the area of the district. The defendants are School District No. 25; the members of its board of education; the Holt County Committee for the Reorganization of School Districts; and its members.
The petition alleged that the organization of School District No. 25 was void because the county committee was illegally constituted and appointed; that proper meetings required by law were not held; that proper notice of hearings required by law were not given; that proper notice of changes of the reorganization plan were not given; that the reorganization plan submitted was not approved by the state committee or the county committee; that the boundaries of the reorganized districts were not correct; and that the plan of reorganization contained no definite statement as to the location of a site for the school. The petition further alleged that the election at which the plan was submitted was void because the notice of election was not in the manner and form as provided by law; that the notice of election contained irregularities and inaccuracies; that the plan submitted was not approved by either the state committee or the Holt County committee; that the division of the district into wards was arbitrary, capricious, and inequitable; that proper polling places were not provided; that proper equipment for voting was not provided; that the election was not held in the manner and form as required by law; that the votes cast were never counted by *524 the proper officials; and that no official result of the election is available.
Motions to dismiss and for a summary judgment filed by the defendants were sustained. The plaintiffs have appealed.
Although the motions filed by the defendants were denominated a motion to dismiss and a motion for summary judgment, they were, in effect, demurrers. The defendants attacked the sufficiency of the allegations in the petition to state a ground for declaratory relief, and alleged that the plaintiffs had other adequate remedies at law which were exclusive. In sustaining the defendants' motions the court found that the plaintiffs had adequate remedies at law, either by quo warranto proceedings or contest of election, which remedies were exclusive, and that declaratory relief should be denied. This case will be considered here upon the same theory as that upon which it was submitted to the trial court.
An action in quo warranto is a proper remedy to determine the validity of the organization of a school district. State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N.W.2d 626. See, also, Dappen v. Weber, 106 Neb. 812, 184 N.W. 952; State ex rel. Tanner v. Warrick, 106 Neb. 750, 184 N.W. 896; School District D v. School District No. 80, 112 Neb. 867, 201 N.W. 964.
Ordinarily, an action for a declaratory judgment will not be entertained where another equally serviceable remedy has been provided by law. Scudder v. County of Buffalo, 170 Neb. 293, 102 N.W.2d 447; Stewart v. Herten, 125 Neb. 210, 249 N.W. 552. The purpose of the Declaratory Judgments Act is to provide a procedure for the speedy determination of issues which would otherwise be delayed to the possible injury of the parties. It created no new cause of action and provided no cumulative remedy.
To the extent that the plaintiffs wished to contest the election at which the plan was submitted, the remedies of contest or quo warranto were available and were exclusive. Longe v. County of Wayne, 175 Neb. 245, 121 N.W.2d 196.
The petition itself was defective and further subject to demurrer in that the allegations were not factual and many of the grounds stated would not support a collateral attack against the organization of the district.
The judgment of the district court is affirmed.
Affirmed.