SCHOOL DISTRICT NO. 30 OF CHERRY COUNTY ET AL., APPELLANTS, v. SCHOOL DISTRICT NO. 6 OF CHERRY COUNTY ET AL., APPELLEES.
209 N. W. 2d 290

Filed June 29, 1973. No. 38968.

Michael V. Smith, for appellants.

Wagoner & Wagoner and W. Gerald O'Kief, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A petition for a declaratory judgment that a school district possessed no legal existence was dismissed by the District Court on demurrers. Plaintiffs appeal. The

question is whether declaratory judgment was a proper remedy.

The petition contains the following allegations. School District No. 6 of Cherry County was purportedly formed in reorganization proceedings after a favorable vote on September 1, 1970, by the electors of Cherry County. In the reorganization proceedings Clyde Weber, Cleo Bloom, Jr., Samuel K. Hanna, and 7 others claimed to be the Cherry County Committee for the Reorganization of School Districts in Cherry County. They purportedly conducted all proceedings that the law required such a committee to conduct. In September 1972 the District Court ordered the ouster of the 10 claimants in accordance with our mandate and opinion in Stasch v. Weber, 188 Neb. 710, 199 N. W. 2d 391 (1972), a quo warranto action. This court in the latter case found that none of the claimants acted as a member of the committee at any time.

An action in quo warranto is a proper remedy to determine the validity of the organization of a school district. Murphy v. Holt County Committee of Reorganization, 181 Neb. 182, 147 N. W. 2d 522 (1966). That rule is harmonious with the rule that ordinarily the validity of proceedings for statutory reorganization of a school district may not be tested in quo warranto. See, State ex rel. Tomek v. Colfax County Reorganization Committee, *ante* p. 447, 209 N. W. 2d 188 (1973) (by implication); cf. Stasch v. Weber, *supra*. An action for a declaratory judgment will not ordinarily be entertained where another equally serviceable remedy has been provided by law. Murphy v. Holt County Committee of Reorganization, *supra*.

Quo warranto was an equally serviceable remedy available to plaintiffs, and the dismissal of their petition was therefore correct.

AFFIRMED.

CLINTON, J., concurs in the result.