M. JAMES GANSER, GREGORY W. KALLOS, AND L. HARLAN WEINGART, APPELLANTS, v. COUNTY OF LANCASTER, A BODY POLITIC, AND RICHARD NUERNBERGER, APPELLEES.

338 N.W.2d 609

Filed September 23, 1983.  No. 82-550.

Stanley P. Gushard, for appellants.

Michael G. Heavican and Douglas D. Cyr, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and GRANT, D.J.

SHANAHAN, J.

M. James Ganser, Gregory W. Kallos, and L. Harlan

Weingart (taxpayers), as owners of real estate in Lancaster County, Nebraska, brought an action against the County of Lancaster and Richard Nuernberger, treasurer of Lancaster County, seeking an injunction barring the collection of real estate taxes claimed to be void. From a dismissal by the District Court for Lancaster County, Nebraska, the taxpayers appeal. We affirm.

Taxpayers own real estate as tenants in common. On May 5, 1976, the taxpayers obtained a building permit for construction of an apartment building on their real estate. Construction of the apartment commenced sometime after July 13, 1977. The apartment was partially occupied in 1978 and construction was completed in 1979. The taxpayers paid all real estate taxes for 1978, 1979, and 1980, in accordance with the tax statements issued in those years. Neither an "information statement" nor a copy of the building permit for the apartment was filed with the county assessor in compliance with Neb. Rev. Stat. § 77-1318.01 (Reissue 1981).

On March 31, 1981, the county assessor issued a notice to the taxpayers that the actual valuation of the real estate for 1981 was increased from $2,345 to $180,910. The taxpayers appealed to the county board of equalization regarding the increased valuation for 1981 and obtained a reduction in valuation to $165,000. After the action by the board of equalization regarding 1981, the county assessor notified the taxpayers that valuations for the real estate had been increased for 1978, 1979, and 1980, as well.

On September 17, 1981, the taxpayers filed an action seeking an injunction to bar collection of the increased taxes for 1978, 1979, and 1980, and claimed that increased taxes were void because the county assessor had failed to send notice that the taxpayers' real estate was assessed at a figure greater than the last previous assessment. See Neb. Rev. Stat. § 77-1315 (Reissue 1981). The county moved to dismiss the action and alleged that the taxpayers had

an adequate remedy at law. Such motion was sustained by the District Court.

The pertinent statute is Neb. Rev. Stat. § 77-1317 (Reissue 1981), namely: "Real property; assessment; omitted lands and improvements in previous years . . . . It shall be the duty of county assessors to cause all lands and improvements . . . that, for any reason, have not been assessed or have escaped taxation for any former year or years when the same were liable to taxation, to be placed upon the tax list and carry out an assessment against such lands equal to, and in accordance with, the assessment that would have been charged against said lands and improvements had they been properly listed and assessed at the time they should have been assessed under the provisions of the general laws governing the assessing and taxation of lands and improvements . . . ."

Neb. Rev. Stat. § 77-1727 (Reissue 1981) states: "No injunction shall be granted . . . to restrain the collection of any tax . . . except such tax . . . levied or assessed for illegal or unauthorized purpose." As expressed in *Touzalin v. City of Omaha*, 25 Neb. 817, 824, 41 N.W. 796, 799 (1889): "Injunctions to prevent the collection of taxes are not favored, and should only be granted where the relief at law is wholly inadequate."

Notwithstanding the provisions of § 77-1727, injunctive relief is available in Nebraska where a tax is void, that is, where the taxing body does not have jurisdiction or power to impose the tax. See, *Morris v. Merrell*, 44 Neb. 423, 62 N.W. 865 (1895); *Rothwell v. Knox County*, 62 Neb. 50, 86 N.W. 903 (1901); *Hemple v. City of Hastings*, 79 Neb. 723, 113 N.W. 187 (1907). In the absence of a void tax or a tax for an illegal or unauthorized purpose, courts of equity should not interfere with the speedy collection of public taxes. See *Stone, State Tax Comm., v. Kerr*, 194 Miss. 646, 10 So. 2d 845 (1942).

The taxpayers do not claim that the county did not

have power to impose a tax on their real estate. The taxpayers do not allege any illegal or unauthorized purpose of the tax imposed and do not claim their property was exempt from taxation. The question is, Is a tax imposed under § 77-1317 void in the absence of formal notice to the landowner that the valuation of the landowner's real estate has been changed as a result of improvements undisclosed at the time of a previous assessment?

When improvements enhance the value of real estate previously assessed, § 77-1317 does not require the assessor to notify the record owner regarding the increased assessment. See *Watson Bros. Realty Co. v. County of Douglas*, 149 Neb. 799, 32 N.W.2d 763 (1948).

Notice of an increased assessment of property previously assessed gives the owner who has relied upon the previous assessment an opportunity to appear before the county board of equalization and to contest the increase in value, if such increase was unwarranted. See *Rosenbery v. Douglas County*, 123 Neb. 803, 244 N.W. 398 (1932). Landowners generally anticipate that improvements on real estate will enhance the value of the land, and, consequently, a change in valuation for taxation can reasonably be expected. After a change in the real estate's condition as a result of improvement, absolute reliance on the previous assessment is neither practical nor justified. If the taxpayers' construction of § 77-1317 is accepted, the assessor must notify the landowner that the real estate has been improved (knowledge of a fact already possessed by the landowner) and that the assessor will execute the official duty of assessing all taxable property (knowledge of the law already charged to the landowner). Such superfluous notification is the "useless thing" avoided in *Watson Bros. Realty Co. v. County of Douglas, supra.*

Because an assessment under § 77-1317 regarding omitted lands and improvements does not require

formal notice from the assessor to be valid, any other irregularity in the assessment of the taxpayers' real estate in this case is not a ground for injunctive relief. See *Boettcher v. County of Holt*, 163 Neb. 231, 79 N.W.2d 183 (1956). Neb. Rev. Stat. § 77-1735 (Reissue 1981) provides: "If a person, who claims a tax, or any part thereof, to be invalid for any reason, shall have paid the same to the treasurer . . . as though the same was legal and valid, he may . . . demand the same in writing from the county treasurer to whom paid. If the same shall not be refunded within ninety days thereafter, he may sue such county treasurer for the amount so demanded." The purpose of the foregoing statute is to provide an action at law for the recovery of money paid for taxes which were levied or assessed for an illegal or unauthorized purpose or which were for any reason invalid. See, *Loup River Public Power District v. County of Platte*, 144 Neb. 600, 14 N.W.2d 210 (1944); *Scudder v. County of Buffalo*, 170 Neb. 293, 102 N.W.2d 447 (1960).

" 'An adequate remedy at law means a remedy which is plain and complete and as practical and efficient to the ends of justice and its prompt administration as the remedy in equity.' " *Golden v. Bartholomew*, 140 Neb. 65, 77, 299 N.W. 356, 362 (1941). See, also, *Gamboni v. County of Otoe*, 159 Neb. 417, 67 N.W.2d 489 (1954). A suit in equity will not lie when the plaintiff has a plain and adequate remedy at law. See *Western Union Telegraph Co. v. Douglas County*, 76 Neb. 666, 107 N.W. 985 (1906).

Under the facts present in the taxpayers' petition, the taxpayers have an adequate remedy at law under § 77-1735 that permits a taxpayer's recovery or refund of an invalid tax. The District Court was correct that the taxpayers have an adequate remedy at law. Therefore, the petition for injunctive relief

was properly dismissed. The judgment of the trial court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., not participating.
WHITE, J., concurs in the result.