SUMNER & COMPANY, PLAINTIFFS IN ERROR, V. THE COUNTY OF COLFAX, DEFENDANT IN ERROR.

Taxes: EQUALIZATION OF ASSESSMENTS. The power of the county commissioners to equalize assessments or grant any manner of relief against over-assessments (except to refund illegal taxes, paid under protest, in the manner provided by law) can only be exercised while sitting as a board of equalization, and their power to hold such session is limited to a period of ten days, commencing on the third Monday of June of each year.

ERROR to the district court for Colfax county. Heard below before GEORGE W. POST, J.

*Phelps & Thomas*, for plaintiff in error, cited: Rev. Stat., U. S., § 3702. *Bank of Commerce v. New York City*, 2 Black, 620. *Bank Tax Case*, 2 Wall., 200. *Van Allen v. Assessors*, 3 Wall., 573.

*Miles Zentmeyer*, for defendant in error, cited: Comp. Stat., 411. *Sioux City & Pacific R. R. v. Washington County*, 3 Neb., 41.

COBB, J.

Upon the precinct assessor applying to the bank of plaintiffs in error for the purpose of assessing them for general taxation for the year 1881, the plaintiffs claimed and informed said assessor that twenty-five thousand dollars of their funds were invested in certain non-taxable government bonds, but did not show or offer to show them to him, for the reason that the same were in the city of New York. The assessor, without notifying said plaintiffs of his purpose so to do, returned his assessment of the taxable property and funds of said plaintiffs without deducting therefrom the amount of said non-taxable bonds. At the meeting of the board of equalization in June, 1881, the plaintiffs appeared before it and claimed to have the said sum of $25,000 deducted from their said assessment; but it does not appear that they presented any evidence of their right to such relief; nor that the board of equalization took any or what action upon their said claim. On the 25th day of May, 1882, the plaintiffs appeared before the board of county commissioners and presumably again urged said claim, whereupon the said board, upon consideration thereof, refused the said claim, whereupon the said plaintiffs brought the said matter into the district court by petition in error, and upon motion of the defendant in error the said cause was by the said district court dismissed for the want of jurisdiction to try the same, to reverse which action of the district court the action is brought to this court on error.

When the board of equalization was in session in June, 1881, it was its duty to act upon the application or claim of the plaintiffs. Upon its refusal to act it could no doubt have been compelled by mandamus. Its adjournment without day without acting on the said application was to all legal as well as practical intents and purposes a denial and rejection of the plaintiffs' application, and would

either have been so treated by the courts, or the said board would have been compelled to re-assemble for the purpose of acting on it. But on the 25th day of May, 1882, the county commissioners had no power to act upon, or jurisdiction of, the matter whatever. See *Sioux City & Pacific R. R. v. Washington County, etc.*, 3 Neb., 30, p. 40 of op. The board of county commissioners, then, having no power to grant the relief sought by the plaintiffs, no action against the county can be predicated upon their refusal, and it was not error on the part of the district court to sustain the motion of defendant and dismiss the proceeding in error.

It not only was not in the power of the county board to relieve the plaintiffs against the said assessment at the time designated, but they were expressly forbidden to do so by statute, and they would have done so at the peril of becoming personally liable for the taxes released thereby, at the suit of any tax payer. See § 146, chap. 77, Comp. Stat., 427. The power of the board of county commissioners to sit as a board of equalization, rectify the returns of assessors, and change the assessments of property, is limited by the express language of the statute to a term of time not exceeding ten days in any year, commencing on the third Monday of June, and in the nature of things ceases on or before the 10th day of July of each year, when by law it is the duty of the county clerk to make out and transmit to the auditor an abstract of such assessments. Sec. 70 *et seq.* of above chapter. The record of assessments, then, in a manner passes out of the hands of the assessing authorities, and any interference therewith by them thereafter would be inadmissible. The prevalence heretofore in many counties of a looseness of practice in this matter has gone far to invalidate and still farther to discredit the public proceedings in the important matter of the county finances. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.