IN RE ASSESSMENT OF BANKERS LIFE INSURANCE COMPANY. NOVIA Z. SNELL, APPELLANT, V. LANCASTER COUNTY ET AL., APPELLEES.

FILED NOVEMBER 26, 1910.     No. 16,195.

1. Taxation: REDUCTION OF ASSESSMENT: RIGHT OF APPEAL. A taxpayer in Nebraska may appeal from an order of a county board of equalization sustaining another taxpayer's complaint that his property has been assessed too high, although the appellant did not file objections with, or appear before, that board.

2. ———: ———: ———: DISSMISSAL. If the appellant in his notice to the parties interested states that he is a taxpayer in the county and the owner of a definitely described tract of land therein, and also states in his petition that he is a taxpayer in the county, his appeal should not be dismissed without a trial for the alleged reason that he is not a taxpayer.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Novia Z. Snell, pro se.*

*Charles O. Whedon, contra.*

ROOT, J.

June 8, 1908, the county assessor of Lancaster county, without notice to the Bankers Life Insurance Company,

increased the valuation placed upon its personal property in the schedule prepared by the officers of the company. June 30 the board substantially reduced said assessment. July 10, Mr. Snell, appellant herein, served written notice upon the board, the county clerk, the county of Lancaster and the company that he would appeal from said order, and thereafter filed his petition in the district court with a transcript of said proceedings. On motion of the company the appeal was dismissed. Mr. Snell appeals.

The only question presented for our consideration is whether Mr. Snell had the right to appeal to the district court without having first appeared before the board of equalization. Section 12, art. I, ch. 77, Comp. St. 1907, provides that all property in the state not expressly exempt therefrom shall be subject to taxation and shall be taxed upon one-fifth of its actual value. Section 19 *et seq.*, art. I, ch. 77, *supra*, provides that all property shall be listed for taxation by the owner thereof and assessed upon actual view by the county assessor or his deputies. Section 132, art. I, ch. 77, *supra*, provides that the assessor or county clerk may at any time add to the tax rolls any property omitted therefrom for the current year. Section 121, art. I, ch. 77, *supra*, provides that the county board of equalization shall hold a session of not less than three days nor more than twenty days, commencing on the first Tuesday after the second Monday in June of each year, and shall fairly and impartially equalize the valuation of the personal property in the county, and, upon the complaint of any person who shall consider that his property is assessed too high or the property of another assessed too low, review and correct the assessment; and, upon notice to the party interested, assess property not listed or assessed for taxation. Section 124, art. I, ch. 77, *supra*, provides: "Appeals may be taken from any action of the county board of equalization to the district court within twenty days after its adjournment, in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims

against the county. \* \* \* The court shall hear the appeal as in equity without a jury, and determine anew all questions raised before the board which relate to the liability of the property to assessment, or the amount thereof, and any decision rendered therein shall be certified by the clerk of the court to the county clerk, who shall correct the assessment books in his office accordingly." The legislature has not specifically described the persons or class of persons who may appeal from an order made by a county board of equalization. Prior to 1903 such an order could only be reviewed in error proceedings. *Sioux City & P. R. Co. v. Washington County,* 3 Neb. 30; *Webster v. City of Lincoln,* 50 Neb. 1. In most cases error proceedings could not be successfully prosecuted without a bill of exceptions containing the evidence submitted to the board, and the result was that such orders were practically final. It seems to us therefore that, by granting the right of appeal in the general terms of the statute, the legislature intended to temper the power theretofore by law and the force of circumstances vested in the county boards of equalization. Ordinarily, where the owner of property requests the board of equalization to lower the assessor's valuation, the other taxpayers may safely rely upon the county assessor or some other officer to represent the public. If no reduction is made, the taxpayers other than the complainant have no reason to complain, but, if the valuation is decreased, they are aggrieved and may remove the questions raised before the board to the district court for its judgment thereon. It is immaterial whether those questions were raised in the first instance by the owner of the property, by another taxpayer, or by some representative of the public; they affect every taxpayer and may be reviewed in the district court upon the appeal of any person adversely affected thereby. *State v. Drexel,* 75 Neb. 751.

We have not overlooked statements in certain of our opinions to the effect that a taxpayer should first advise the board concerning the overvaluation of his property, or

the undervaluation of his neighbor's property, before appealing to the courts for relief. In none of those cases had a complaint been made to the board by any taxpayer, and in every instance except the case of *Hacker v. Howe,* 72 Neb. 385, the controversy arose under the revenue laws preceding the act of 1903, *supra.* The point at issue and determined in the *Hacker* case, *supra,* was that, in equalizing the assessed valuations returned by the county boards of equalization, the state board of equalization had authority to raise the assessed valuation of all property in a county, notwithstanding the local assessing officers had, as they understood the facts, assessed all property within that county at its fair cash value. In none of the cases last referred to did this court hold that, where an issue had been raised before the board touching the assessed valuation of one taxpayer's property, another taxpayer could not appeal from an order reducing that valuation, unless he had complained concerning that assessment or had joined in the proceedings before the board.

It is argued that the record does not disclose that Mr. Snell is a taxpayer in Lancaster county or in the state of Nebraska. Mr. Snell has not been given an opportunity to prove that fact. If the appellant is not a taxpayer, his appeal will fail, but we should not assume the negative upon a judgment dismissing his appeal without a trial.

The judgment of the district court, therefore, is reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT, J., not sitting.