258 N.W.2d 626 (1977)
199 Neb. 291
John A. RYAN, Appellee and Cross Appellant,
v.
DOUGLAS COUNTY BOARD OF EQUALIZATION et al., Appellants and Cross Appellees.
No. 41078.
Supreme Court of Nebraska.
October 19, 1977.
Robert A. Skochdopole of Kennedy, Holland, DeLacy & Svoboda, Andrew E. Grimm of Gaines, Spittler, Otis, Mullen & Carta, Edward Shafton, Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Hugh C. McMahon and Donald L. Sturm, Omaha, for appellants and cross appellees.
Michael C. Washburn, Omaha, for appellee and cross appellant.
Heard before WHITE, C. J., and SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY and WHITE, JJ.
CLINTON, Justice.
Ten defendant taxpayers, appellants herein, appeal from a decree of the District Court for Douglas County in an action for declaratory judgment in which the court held void the action taken by the Douglas County board of equalization on May 31, 1974, reducing the valuations of all the defendant taxpayers' separate properties. The decree of the court, although holding that the action of the board was void (apparently because untimely under the provisions of section 77-1502, R.R.S.1943), nonetheless held that constitutional due process required all defendant taxpayers be granted another hearing on the valuation question within 60 days.
On this appeal appellant taxpayers urge that an action for declaratory judgment is not an appropriate remedy, and also that the action taken by the board on May 31, 1974, was not void because May 30th being a holiday, the board had until May 31st to act under the provisions of section 25-2221, R.R.S.1943. The plaintiff has filed a crossappeal asserting that the portion of the *627 decree which directed that the board of equalization hold an additional hearing on the valuation issues is void because the power of the board to act expired on May 30, 1974.
On May 31, 1974, the Douglas County board of equalization reduced the valuations of improvements on the lands and/or the actual value of the lands owned by all defendant taxpayers. Prior to such action, each defendant taxpayer had timely filed a complaint before the board seeking a reduction of actual valuation. Section 77-1502, R.R.S.1943, authorizes the county board of equalization to hold sessions of 3 to 60 days, "commencing on April 1 of each year and ending on May 30." After the board's May 31 action, Ryan filed five direct appeals in the District Court from the order of the board, involving the separate properties of appellants Woodmen of the World Life Insurance Society; First National of Nebraska, Inc.; D. J. Witherspoon; Barton H. Ford; and Downtown Development Limited. Those appeals were pending when this declaratory judgment action was commenced in the District Court. One defendant property owner appealed from the board's action, apparently contending that the reduction was insufficient. The other property owners did not appeal. Ryan did not appeal in the cases involving these last defendants. This action was filed by him on December 6, 1974. He brings this action as a taxpayer owning real estate, representing himself and all other taxpayers similarly situated.
We hold that an action for a declaratory judgment is not an appropriate remedy in these cases.
Under the provisions of section 25-21,150, R.R.S.1943, "Any person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." The statutes also provide: "The court may refuse to render . . . a declaratory judgment . . . where such judgment . . ., if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." § 25-21,154, R.R.S.1943. We have previously held that the Uniform Declaratory Judgments Act is not properly maintainable where the plaintiff had a specific remedy at law by direct appeal under the provisions of section 77-1510, R.R.S.1943. Scudder v. County of Buffalo, 170 Neb. 293, 102 N.W.2d 447; State ex rel. Mickey v. Drexel, 75 Neb. 751, 107 N.W. 110; Phelps County v. City of Holdrege, 133 Neb. 139, 274 N.W. 483. See also, Hahn System v. Stroud, 109 Neb. 181, 190 N.W. 572. We have also said that an action for a declaratory judgment is not a substitute for a new trial or appeal when other action is already pending. State ex rel. Meyer v. Sorrell, 174 Neb. 340, 117 N.W.2d 872. Any taxpayer may appeal from an order of a county board of equalization sustaining another taxpayer's complaint that his property has been assessed too high. In re Assessment of Bankers Life Ins. Co., 88 Neb. 43, 128 N.W. 661.
The matters sought to be raised by plaintiff in this declaratory judgment action and by him on his cross-appeal in this court, that is, the legality of the action of the board of equalization on May 31st, may be determined in the pending cases as to the parties involved in those cases. As to the others, this is not a case where the plaintiff was prevented from making a timely appeal because he had no notice of the board's "untimely" action. See Fromkin v. State, 158 Neb. 377, 63 N.W.2d 332.
Neither is this a case where the board of equalization completely failed to act upon a timely protest as in Sumner & Co. v. Colfax County, 14 Neb. 524, 16 N.W. 756. Whether, as the trial court in this case held, due process requires another hearing before the board of equalization or whether the hearing held on May 31st satisfies due process may also be determined in the pending cases.
REVERSED AND DISMISSED.
*628 SPENCER, Justice, dissenting.
I am not persuaded that declaratory judgment is not a proper remedy in the posture of this case. There is no equally serviceable remedy available to litigate the question before the court.
I agree with the trial court in its finding that the action of the county board on May 31, 1974, reducing values was void. The jurisdiction and authority of the county board terminated on May 30, 1974. It could take no action of any nature after that date.
I believe, however, the board had a duty to act upon the applications pending before it. Its failure to do so within the time limited was to all legal and practical intents and purposes a denial or rejection of the pending claims. Those claims then should have been considered rejected and an appeal lay from the result. See Sumner & Co. v. Colfax County, 14 Neb. 524, 16 N.W. 756 (1883).
I disagree with the order of the trial judge that the taxpayers were entitled to a hearing before the Douglas County board of equalization on the subject of the valuation of their respective real estate within 60 days from the date of the decree. The authority of the county board had terminated. The trial court could not confer jurisdiction on it to hold a further hearing. Failure to act by May 30, 1974, was a denial of the claims pending before the board and appeal lay from that result.
BOSLAUGH, J., joins in this dissent.