LOWELL A. JONES, APPELLANT, V.
VALLEY COUNTY BOARD OF EQUALIZATION
ET AL., APPELLEES.

304 N.W.2d 396

Filed April 10, 1981. No. 43561.

Donald H. Weaver of Anderson, Vipperman, Weaver, Hinman & Hall for appellant.

Paul L. Douglas, Attorney General, Ralph H. Gillan, and Gregory G. Jensen, Valley County Attorney, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

McCOWN, J.

This is an action for a declaratory judgment seeking to have the 1979 increase in real property tax assessments in Valley County, Nebraska, declared void. The

District Court entered judgment in favor of the defendants and dismissed plaintiff's petition.

The plaintiff, in various capacities, is the owner of numerous tracts of real property located in Valley County, Nebraska. In 1977 Valley County contracted with an appraisal company for a reappraisal of real estate in Valley County. The values of real property reflected by the appraisals were put into effect by the county assessor and the board of equalization in 1979 and notice of increases in assessment valuation of real property was given as required by statute. Plaintiff appeared before the Valley County Board of Equalization and protested the increased assessments. The county board rejected plaintiff's complaints and he perfected his appeals to the District Court.

The State Board of Equalization and Assessment, after receiving abstracts of assessment from the various counties, determined that increases in valuations of real property of some of the counties, including Valley County, were required. Notice of proposed increases to be made by the state board were given and equalization hearings were thereafter held at which Valley County appeared and objected to the proposed increases. On August 6, 1979, the state board entered its order raising the valuations on certain classes of real property in Valley County and the order was certified to Valley County as required by law. The plaintiff did not appear before the state board, nor did he attempt to appeal from the order of that board.

On August 28, 1979, the plaintiff filed this action in the District Court for Valley County, seeking a declaratory judgment that the increased assessments of real property in Valley County in 1979 were void because the county and state boards of equalization and assessment and the county and state taxing officials failed to comply with various statutorily authorized rules and regulations in the valuation and assessment of Valley County property in 1979. Following requests for admissions the defendants filed a motion for summary judgment which was overruled.

At trial plaintiff introduced evidence tending to show that various rules and regulations of the Department of Revenue dealing with procedures for the appraisal classification and valuation of real property had not been complied with by Valley County. The plaintiff also asserted that the order of the State Board of Equalization and Assessment with respect to Valley County real property was void because of vagueness. The defendants introduced no evidence but stood on the motion for summary judgment.

The District Court found that the rules and regulations allegedly violated by the county board of equalization were not applicable in this case and that the collateral attack on the action of the State Board of Equalization did not lie and entered judgment in favor of the defendants and dismissed plaintiff's petition.

In our view the case of *Scudder v. County of Buffalo*, 170 Neb. 293, 102 N.W.2d 447 (1960), is dispositive of this case. That case was also a declaratory judgment action challenging an erroneous assessment of plaintiff's property. This court held that relief from the overassessment of property for tax purposes is by appeal to the District Court from the order of the county board of equalization fixing the assessed value of the property, and the remedy thus given is full, adequate, and exclusive. A collateral attack may be made upon an assessment of property for tax purposes only if the assessment or some part thereof is wholly void. A declaratory judgment action is not an appropriate remedy to attack an assessment of real property made by the county board of equalization. Those principles were reaffirmed in *Ryan v. Douglas County Board of Equalization*, 199 Neb. 291, 258 N.W.2d 626 (1977).

In the case now before us the record establishes that the assessment of plaintiff's property met all jurisdictional requirements of the statutes. The assessments of plaintiff's property were not wholly void and were not subject to collateral attack. Direct appeals are pending in the District Court.

The defendants' motion for summary judgment should have been granted and it was unnecessary to proceed further under the facts in this case. The judgment of the District Court in dismissing plaintiff's petition was correct and is affirmed.

AFFIRMED.