RIHA FARMS, INC., A NEBRASKA CORPORATION, ET AL., APPELLANTS, V. ALBIN DVORAK, ASSESSOR, SARPY COUNTY, NEBRASKA, ET AL., APPELLEES.

322 N.W.2d 801

Filed August 6, 1982. No. 44298.

Warren S. Zweiback, Patricia A. Lamberty and Richard A. DeWitt of Zweiback, Kasher, Flaherty & DeWitt, P.C., for appellants.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

Riha Farms, Inc., and other Sarpy County landowners brought this action against various Sarpy County officials and the Nebraska Tax Commissioner seeking to have a 1980 reappraisal of agricultural real estate in Sarpy County declared void and unenforceable, and to enjoin the defendants from assessing or collecting 1980 real property taxes based upon valuations in excess of the 1979 valuations. The District Court found that the assessments of agricultural lands in Sarpy County for the year 1980 were not void, that the plaintiffs had an adequate and exclusive remedy at law which they had not exhausted, and that a collateral attack could not be maintained. The court dismissed the plaintiffs' petition and plaintiffs have appealed.

This is a companion case to *Riha Farms, Inc. v. County of Sarpy, ante* p. 385, 322 N.W.2d 797 (1982). The same basic factual situation is involved in both cases and the land of Riha Farms, Inc., is the same. The basic factual background in both cases is that in 1979 Sarpy County conducted a revaluation and reassessment of all agricultural land in the county, based upon the Nebraska Agricultural Land Valuation Manual 1979. Agricultural land was revalued and reassessed for 1980 tax purposes while other classifications of real property were not similarly revalued, but continued to be based upon valuations obtained on a countywide reappraisal of all real property made in 1977. The Sarpy County case is a direct appeal by landowners from the action of the Sarpy County Board of Equalization, while the present case constitutes a collateral attack upon the assessment and collection of all increases in taxes attributable to the reappraisal and revaluation of agricultural lands effective for the tax year 1980.

This court has consistently held that relief from the overassessment of property for tax purposes is by appeal to the District Court from the order of the county board of equalization fixing the assessed value of the property, and that the remedy thus given is full, adequate, and exclusive. The claim that property is assessed too high for taxation purposes cannot be made in the first instance by direct application to any other body or by a collateral attack in law or equity in the event of failure to bring the matter before the county board of equalization and to appeal therefrom in case of an adverse determination. A collateral attack may be made upon an assessment of property for tax purposes only if the assessment, or some part thereof, is wholly void. See, *Jones v. Valley County Board of Equalization,* 208 Neb. 559, 304 N.W.2d 396 (1981); *Scudder v. County of Buffalo,* 170 Neb. 293, 102 N.W.2d 447 (1960); *Gamboni v. County of Otoe,* 159 Neb. 417, 67 N.W.2d 489 (1954).

In the case at bar the record establishes that the plaintiffs, or some of them, pursued the full, adequate, and exclusive remedy of a direct appeal to the District Court from the order of the county board of equalization. The Sarpy County case determined that appeal, and also establishes that the revaluation and reassessment involved here was not void. The District Court's determination in the present case that the assessments of plaintiffs' properties for 1980 were not void and that a collateral attack could not be maintained was correct. The judgment is affirmed.

AFFIRMED.