TYRO FARMS, INC., APPELLANT, V. FRED A.
HERRINGTON, TAX COMMISSIONER, STATE OF NEBRASKA,
ET AL., APPELLEES.

323 N.W.2d 88

Filed August 13, 1982. No. 44307.

Charles A. Nye of Garvey, Nye, Crawford, Kirchner & Moylan, and Edward F. Fogarty of Fogarty, Lund & Gross, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee Herrington.

Donald L. Knowles, Douglas County Attorney, and Rockford G. Meyer, for appellees Howell et al.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

Tyro Farms, Inc., brought this action on behalf of itself and all other owners of agricultural real estate similarly situated in Douglas County, Nebraska, against the state Tax Commissioner, Douglas County treasurer, Douglas County assessor, and all Douglas County commissioners to have a 1980 reappraisal of agricultural real estate in Douglas County declared unlawful and void, and to enjoin the defendants from assessing or collecting 1980 real property taxes based on valuations in excess of the 1979 valuations. The District Court for Douglas County found that the assessments of agricultural lands in Doug-

las County for the year 1980 were not void, that the plaintiff had an adequate and exclusive remedy at law which it had not exhausted, and that a collateral attack could not be maintained. The trial court dismissed the plaintiff's petition and the plaintiff has appealed.

The facts are essentially as follows: In 1979 Douglas County conducted a revaluation and reassessment of all agricultural land in the county. It based its revaluation and reassessment upon the Nebraska Agricultural Land Valuation Manual 1979. The agricultural lands in Douglas County were revalued and reassessed for 1980 tax purposes while other classifications of real property were not similarly revalued.

This case, like *Riha Farms, Inc. v. Dvorak, ante* p. 391, 322 N.W.2d 801 (1982), is a collateral attack upon the assessment and collection of all increases in taxes attributable to the reappraisal and revaluation of agricultural lands effective for the tax year 1980. For the same reasons set forth in *Riha Farms, Inc. v. Dvorak, supra,* we conclude here as well that a claim that property is assessed too high for taxation purposes cannot be made in the first instance by a collateral attack in law or equity in the event of failure to bring the matter before the county board of equalization. A collateral attack may be made upon an assessment of property for tax purposes only if the assessment, or some part thereof, is wholly void. See, *Riha Farms, Inc. v. Dvorak, supra; Jones v. Valley County Board of Equalization,* 208 Neb. 559, 304 N.W.2d 396 (1981); *Scudder v. County of Buffalo,* 170 Neb. 293, 102 N.W.2d 447 (1960); *Gamboni v. County of Otoe,* 159 Neb. 417, 67 N.W.2d 489 (1954).

The District Court's determination in the present case that the assessments of plaintiff's properties for 1980 were not void and that a collateral attack could not be maintained was correct. The judgment is affirmed.

AFFIRMED.