RUSSELL D. OLSON AND GILBERTA OLSON, APPELLANTS, V.
COUNTY OF DAKOTA ET AL., APPELLEES.

398 N.W.2d 727

Filed January 16, 1987.   No. 85-621.

Norris G. Leamer of Leamer Law Office, for appellants.

Kurt A. Hohenstein, Dakota County Attorney, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The plaintiffs appeal from the order of the district court sustaining the defendants' demurrers and dismissing the action.

The plaintiffs commenced this action in 1985 to obtain a writ of mandamus, compelling the county and the county assessor to correct the valuation for tax purposes for the years 1978, 1979, and 1980 of a tract of real estate owned by the plaintiffs. The defendants filed demurrers, alleging that the plaintiffs failed to state a cause of action, that the court lacked subject matter jurisdiction, and that there was improper joinder of parties defendant. The plaintiffs filed an amended petition, and the defendants' demurrers were again sustained. The plaintiffs elected to stand on their petition, and the action was dismissed. This appeal followed.

Plaintiffs assign as error the trial court's order sustaining the defendants' demurrers. The plaintiffs contend their amended

petition stated a cause of action pursuant to the following language in Neb. Rev. Stat. § 77-519 (Reissue 1986): "The county assessor of any county . . . with the approval of the county board of any county, may correct the tax list before the tax is paid in case of erroneous assessments." They argue that this statute provides property owners with a statutory right to compel the county assessor to correct erroneous tax valuations.

Plaintiffs argue the tax valuations of their property for the years in question are prima facie erroneous because the valuations are substantially higher than the valuations in 1977 and 1981. Accordingly, plaintiffs requested the trial court to order the assessor to correct the tax lists for 1978, 1979, and 1980 to show the value of their property as $44,275, the value stated in 1981.

The plaintiffs are complaining that the valuations placed on their property for the years in question were excessive. We have consistently held that a property owner's exclusive remedy for relief from overvaluation of property for tax purposes is by protest to the county board of equalization. An appeal may then be taken to the district court from the order of the county board of equalization fixing the assessed value of the property. Neb. Rev. Stat. §§ 77-1502 (Reissue 1986) and 77-1510 (Reissue 1981); *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982); *Scudder v. County of Buffalo*, 170 Neb. 293, 102 N.W.2d 447 (1960); *Power v. Jones*, 126 Neb. 529, 253 N.W. 867 (1934). This remedy is full, adequate, and exclusive. *Riha Farms, Inc., supra*. Such a claim cannot be made, in the first instance, "by direct application to any other body or by a collateral attack in law or equity in the event of failure to bring the matter before the county board of equalization and to appeal therefrom in case of an adverse determination." *Id*. at 393, 322 N.W.2d at 803. A collateral attack is permissible only if the assessment is partially or entirely void.

A writ of mandamus is not an available remedy when there is a plain and adequate remedy at law. Neb. Rev. Stat. § 25-2157 (Reissue 1985); *Little v. Board of County Commissioners*, 179 Neb. 655, 140 N.W.2d 1 (1966).

Plaintiffs had an adequate statutory remedy to correct the alleged overvaluation of their property for the years in

question. *Riha Farms, Inc., supra.* The amended petition indicates this procedure was not followed. Further, plaintiffs did not allege the tax assessments were entirely or partially void. Accordingly, plaintiffs have not alleged facts showing a right to mandamus to compel the assessor to correct the tax lists.

Plaintiffs' reliance on § 77-519 as providing a basis for relief in mandamus is misplaced. The purpose of the statute is to permit the county assessor to correct clerical errors in the tax list, not to correct alleged errors in valuation of property.

The trial court properly sustained the defendants' demurrers. The judgment is affirmed.

AFFIRMED.