ALPHOMEGA, INC., ET AL., APPELLANTS, V. COLFAX COUNTY BOARD OF EQUALIZATION, APPELLEE.

418 N.W.2d 570

Filed February 5, 1988.    No. 86-083.

Donn K. Bieber of Otradovsky, Bieber & Westadt, for appellants.

L.J. Karel, Colfax County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Plaintiff John W. DeCamp appealed to the district court and plaintiff Alphomega, Inc., purported to appeal to that court

the refusal of the defendant-appellee, Colfax County Board of Equalization, to reduce the 1983 valuation of certain improved real estate, alleging that the board overvalued the property and, further, taxed it nonuniformly and disproportionally to other real property in the county. The district court dismissed their petition on the merits, and the plaintiffs appealed to this court, assigning errors we do not reach because we, as did the district court, lack jurisdiction. Accordingly, we dismiss the appeal.

The petition alleges plaintiff Alphomega is a Nebraska corporation; the record, however, contains neither proof nor the board's admission that Alphomega is in fact a corporation organized or existing under and by virtue of the laws of this or any other state. Moreover, while the petition asserts Alphomega is the owner of the property in question, plaintiff DeCamp testified that "for practical purposes" he is the owner, either by virtue of owning the property "directly" or as the result of being the "owner of the stock of Alphomega"; he did not know how the matter was treated "on [his] income tax." The historical record of the property maintained by the assessor's office lists the "owner of record" as "Professionals Investments." In short, the record fails to establish who owns the property in question.

Whoever is the owner, it is clear from the record that only DeCamp filed a protest with the board.

Neb. Rev. Stat. § 77-1502 (Reissue 1981) requires that a board of equalization sit "for the purpose of reviewing and deciding . . . protests," which are to be "filed with the board" within a specified time limit not relevant to this inquiry. Neb. Rev. Stat. § 77-1510 (Reissue 1981) provides that "[a]ppeals may be taken from any action of the county board of equalization to the district court" and prescribes the manner of taking such appeals.

Thus, while any taxpayer may appeal from an order of a county board of equalization which sustains another taxpayer's complaint that the latter's property has been overassessed, *Ryan v. Douglas County Board of Equalization*, 199 Neb. 291, 258 N.W.2d 626 (1977), a taxpayer who has not first filed a protest with the county board of equalization may not appeal to the district court a claimed overassessment of his or her own

property. See, *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987); *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982); *Jones v. Valley County Board of Equalization*, 208 Neb. 559, 304 N.W.2d 396 (1981); *Power v. Jones*, 126 Neb. 529, 253 N.W. 867 (1934).

If Alphomega is the owner, it could not appeal to the district court, because it failed to file a protest with the county board of equalization. DeCamp's effort to appeal fails notwithstanding the fact he filed a protest with the board, because the record fails to establish he is the owner and thus fails to establish he is the taxpayer. See *Leech, Inc. v. Board of Equalization*, 176 Neb. 841, 127 N.W.2d 917 (1964), observing that it is a taxpayer who has the right to test the actual value of his property or show that it has not been properly equalized.

We must therefore dismiss the appeal.

APPEAL DISMISSED.