JEMCO, INC., A NEBRASKA CORPORATION, APPELLANT, V. BOARD OF EQUALIZATION OF BOX BUTTE COUNTY, APPELLEE.

495 N.W.2d 44

Filed February 5, 1993.   No. S-90-331.

A.T. Reddish for appellant.

Laurice M. Margheim, Box Butte County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff-appellant, JEMCO, Inc., a Nebraska corporation, is the owner of a brick-veneer four-unit apartment building located in Alliance, Box Butte County, Nebraska. The Box Butte County assessor valued JEMCO's property for the year 1989 in accordance with the "Box Butte County 1989 Board of Equalization Resolution," which allowed the value of multifamily dwellings to be adjusted downward without protest by the owners. The value of the property in question was reduced from $83,040 to $80,000 for 1989.

JEMCO did not file a protest with defendant-appellee, Box Butte County Board of Equalization (Board), nor did it present any evidence to the Board. Instead, JEMCO purported to appeal the matter to the district court for Box Butte County, alleging that the reduction was "woefully inadequate." The district court determined that it was without jurisdiction and dismissed JEMCO's petition. JEMCO appeals to this court.

In this court, JEMCO assigns four errors, the first of which is dispositive of the case. In its first assignment, JEMCO contends that the district court erred in dismissing JEMCO's

petition. We find that the district court correctly determined that it was without jurisdiction and did not err in dismissing plaintiff's petition. We affirm.

The record shows that, as stated above, JEMCO is the owner of an apartment building which, prior to January 1, 1989, had an assessed actual value of $83,040. On May 30, 1989, the Board adopted the "Box Butte County 1989 Board of Equalization Resolution," which stated in pertinent part:

4. Because appeals from the Board of Equalization last year resulted in a court decision finding that some apartment buildings were overvalued in 1988 and reducing the assessed value of those properties, there is a lack of equalization among properties of this subclass. Due to the fact that some owners of multi family real estate did not appeal to the Board of Equalization, changing the value of only those properties involved in protests would result in evident error and gross injustice if the Board does not decrease the value of all such property, whether or not individual protests were filed. Some taxpayers may have been misled into believing no protest was necessary because of statements made during a rent investigation recently conducted as part of an appraisal of this subclass of property for the Assessor.

5. The value of properties listed on Schedule A attached hereto should be adjusted downward as indicated on the schedule to equalize each property with other similar property and to place each on the tax roles [sic] at its actual value.

Schedule A lists JEMCO's property as "*Legal description . . . Lot 5 Block 3 Newberry*" with a prior value of $83,040 and a new value of $80,000. These valuations are based upon the unit assessment records for the property, which placed a value of $20,000 on each of the four units in the subject property and a value per square foot of $21.65.

Plaintiff's petition regarding the valuation of its property initially appears to be based on the disparity of the reductions among the various multifamily properties listed on schedule A. JEMCO takes particular exception to the fact that the valuation of its property was reduced only 3.66 percent, while other

multifamily properties received reductions ranging from 3.66 to 39.7 percent. However, JEMCO also presented testimony from a Nebraska-licensed appraiser which showed that the subject property was not worth $80,000, but, rather, should have been reduced in value to $55,000. Although its argument was crafted as an equalization issue, in reality JEMCO has framed a valuation question. In short, JEMCO's main contention is that its property was overassessed by the Board in 1989 when the new, lower levels of valuation were established.

Neb. Rev. Stat. § 77-1502 (Reissue 1990) requires that a board of equalization sit "for the purpose of reviewing and deciding . . . protests," which are to be "filed with the board" within a specified time limit not relevant to this inquiry. Neb. Rev. Stat. § 77-1510 (Reissue 1990) provides that "[a]ppeals may be taken from any action of the county board of equalization to the district court" and prescribes the manner of taking such appeals. Neb. Rev. Stat. § 77-1511 (Reissue 1990) further provides that when a determination of a county board of equalization is appealed, the district court shall hear "and determine anew all questions raised before the county board of equalization . . . ."

From the above statutory language, this court has determined that "a taxpayer who has not first filed a protest with the county board of equalization may not appeal to the district court a claimed overassessment of his or her own property." *Alphomega, Inc. v. Colfax County Bd. of Equal.*, 227 Neb. 529, 530-31, 418 N.W.2d 570, 571 (1988). See, also, *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987); *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982); *Jones v. Valley County Board of Equalization*, 208 Neb. 559, 304 N.W.2d 396 (1981); *Power v. Jones*, 126 Neb. 529, 253 N.W. 867 (1934).

It is clear from the record that the question of the subject property's valuation and equalization was never presented to the county board of equalization and, therefore, was never part of a decision from which JEMCO appealed to the district court. Under § 75-1511, since no questions were presented to the Board, the district court lacked jurisdiction to reach any of JEMCO's assigned errors.

JEMCO also indicated in its petition to the district court that because of the actions of the Box Butte County assessor and the Board, the Board was estopped from asserting that the district court lacked jurisdiction. We have stated: " ' "It is axiomatic, however, that the parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent." ' " *Anthony v. Pre-Fab Transit Co.*, 239 Neb. 404, 409, 476 N.W.2d 559, 563 (1991) (quoting *Black v. Sioux City Foundry Co.*, 224 Neb. 824, 401 N.W.2d 679 (1987)). We have further stated: "Subject matter jurisdiction cannot be created by waiver, estoppel, consent, or conduct of the parties." *Anthony v. Pre-Fab Transit Co.*, 239 Neb. at 409, 476 N.W.2d at 563.

JEMCO could not appeal to the district court because it failed to file a protest with the Board. The district court was correct in determining that it had no jurisdiction.

AFFIRMED.