ROBERT I. MARSHALL, APPELLANT, V. DAWES COUNTY BOARD OF EQUALIZATION AND TAX EQUALIZATION AND REVIEW COMMISSION OF NEBRASKA, APPELLEES.
ALFRED V. BARTLETT, APPELLANT, V. DAWES COUNTY BOARD OF EQUALIZATION AND TAX EQUALIZATION AND REVIEW COMMISSION OF NEBRASKA, APPELLEES.

654 N.W.2d 184

Filed December 13, 2002. Nos. S-02-068, S-02-069.

Laurice M. Margheim, of Curtiss, Moravek, Curtiss & Margheim, and Russell W. Harford, of Crites, Shaffer, Connealy, Watson & Harford, for appellants.

Dennis D. King, of Smith, King, and Freudenberg, P.C., for appellee Dawes County Board of Equalization.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee Nebraska Tax Equalization and Review Commission.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

In this consolidated appeal, Robert I. Marshall in case No. S-02-068 and Alfred V. Bartlett in case No. S-02-069 appeal from an order of the Nebraska Tax Equalization and Review Commission (TERC) reversing determinations made by the Dawes County Board of Equalization. Marshall and Bartlett and other parties previously appealed an earlier TERC decision in which TERC had affirmed determinations by the board. *Bartlett v. Dawes Cty. Bd. of Equal.*, 259 Neb. 954, 613 N.W.2d 810 (2000) (*Bartlett I*). (Note: Because Marshall and Bartlett were part of the original group of taxpayers in *Bartlett I*, in our discussions of either *Bartlett I* or the current appeal, we will refer to the plaintiffs as "the taxpayers.") In *Bartlett I*, we reversed TERC's decision and remanded the cause to TERC with orders to remand the taxpayers' consolidated protests of 1998 agricultural real property valuations to the board for further proceedings. On remand, the board again denied the taxpayers' protests with respect to certain properties, and the taxpayers appealed to TERC. The appeals were consolidated, and TERC reversed the board's decisions and ordered that the valuations of the subject properties be reduced to the amounts requested by the taxpayers. The valuation of Bartlett's property was reduced from $73,520 to $38,350. The valuation of Marshall's property was reduced from $59,430 to $28,970. Notwithstanding the fact that the taxpayers received the reduction in valuations they initially sought in their valuation protests, the taxpayers nevertheless appeal TERC's order on the basis that TERC did not further order adjustment and equalization of 1998 valuations for all agricultural real property throughout Dawes County or order the board to do so. Because the relief TERC ordered is adequate, we affirm TERC's order.

## STATEMENT OF FACTS

The facts of prior proceedings are set forth more fully in *Bartlett I*. A summary of facts relevant to the current appeal follows. On May 14, 1998, TERC issued a written order, purportedly pursuant to Neb. Rev. Stat. § 77-5023 (Cum. Supp. 1998), adjusting values of the agricultural subclasses of property in Dawes County. The Dawes County assessor complied with TERC's order and implemented the adjustments. These adjustments caused the valuations of the taxpayers' properties to nearly double. The taxpayers filed property valuation protests with the board. The board filed its own petition with TERC pursuant to Neb. Rev. Stat. § 77-1504.01 (Cum. Supp. 1998), asking TERC to issue a stay or reverse TERC's order of May 14. TERC dismissed the board's petition on August 7. The board then denied the taxpayers' protests, and the taxpayers appealed to TERC. On September 22, 1999, TERC issued an order affirming the board's denial of the protests. In the order, TERC determined that the issues raised by the taxpayers constituted a collateral attack on TERC's prior orders of May 14 and August 7, 1998.

The taxpayers appealed the September 22, 1999, order to this court. *Bartlett I*. Noting that the taxpayers had filed valuation protests, we concluded that the taxpayers' appeals to TERC were not a collateral attack on TERC's prior orders because the protest procedure and appeals therefrom were the taxpayers' sole method of challenging the property valuations. We determined that TERC's May 14, 1998, order, which purported to adjust subclasses of agricultural land, was based on "market areas" which were not a subclass recognized by statute and that TERC was without authority to order the adjustment by market areas. We noted that the board essentially took no action on the taxpayers' protests and simply awaited the outcome of its own petition to TERC. Therefore, in *Bartlett I*, we reversed TERC's September 22, 1999, order and concluded that "TERC must remand these consolidated protests to the board for a determination on the merits, taking into consideration our determination that TERC's May 14, 1998, order in which it adjusted agricultural land values by market areas was unauthorized." 259 Neb. at 966, 613 N.W.2d at 819.

Pursuant to *Bartlett I*, TERC remanded the taxpayers' protests to the board. On remand from TERC, the board denied the taxpayers' requests for relief as to certain properties. The taxpayers appealed the board's decision to TERC, claiming, inter alia, that the board's action did not comply with this court's decision in *Bartlett I.*

On December 21, 2001, TERC entered an order vacating and reversing the board's decision and granting the taxpayers' requests for reductions in the assessed values of the subject properties. Finding that the only proper evidence regarding the values of the subject properties for the 1998 tax year was that offered by the taxpayers, TERC ordered that the 1998 valuations of the taxpayers' properties be reduced to the amounts requested by the taxpayers in their protests. TERC denied the taxpayers' further requests that it enter an order adjusting the values of all agricultural land in Dawes County for tax year 1998. Although the taxpayers argued that such an order was required by this court's decision in *Bartlett I*, TERC concluded the protests brought by the taxpayers were limited to the valuation of the subject properties and need not result in an order applicable to all agricultural properties throughout the county. On January 17, 2002, the taxpayers appealed TERC's December 21, 2001, order. TERC asserts that it should not have been named a party to this consolidated appeal.

ASSIGNMENT OF ERROR

On appeal, the taxpayers generally assert, restated and summarized, that TERC erred in failing to take action or requiring the board to take action to reverse all the unauthorized adjustments made pursuant to TERC's May 14, 1998, order and to equalize the 1998 valuations on all agricultural land throughout Dawes County.

STANDARDS OF REVIEW

Decisions rendered by TERC shall be reviewed by the court for errors appearing on the record of TERC. Neb. Rev. Stat. § 77-5019(5) (Cum. Supp. 2002); *Bethesda Found. v. Buffalo Cty. Bd. of Equal.*, 263 Neb. 454, 640 N.W.2d 398 (2002). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported

by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Bethesda Found., supra; County of Douglas v. Nebraska Tax Equal. & Rev. Comm.*, 262 Neb. 578, 635 N.W.2d 413 (2001). However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *Id.*

## ANALYSIS

*TERC as Party.*

TERC asserts that it should not have been made a party to the present appeal and that it should therefore be dismissed from this appeal. In this regard, TERC notes that § 77-5019(2)(a) provides that TERC "shall only be made a party of record if the action complained of is an order issued by the commission [TERC] pursuant to section 77-1504.01 or 77-5023." TERC asserts that the order appealed from was issued pursuant to Neb. Rev. Stat. § 77-5018 (Cum. Supp. 2002), not § 77-1504.01 or § 77-5023, and therefore it should not have been made a party to this appeal.

Section 77-1504.01 provides that a county board of equalization may petition TERC to consider an adjustment to a class or subclass of real property within the county and that TERC shall enter an order specifying a percentage increase or decrease and the class or subclass of real property affected by the order. Section 77-5023 provides that TERC has the power to increase or decrease the value of a class or subclass of real property of any county or tax district so that all classes or subclasses in all counties fall within an acceptable range. Finally, § 77-5018 provides that TERC may issue decisions and orders in cases involving appeals of decisions by a county board of equalization or the Property Tax Administrator.

The taxpayers argue that the present appeal is the continuation of the dispute that was previously before this court in *Bartlett I* in which TERC was named as a party. The taxpayers argue that TERC should continue to be a party until the issues raised in *Bartlett I* are resolved in the present appeal. At the time the appeal in *Bartlett I* was filed, § 77-5019(2)(a) (Supp. 1999) provided: "If the Commission's only role in a case is to act as a neutral fact finding body, the Commission shall not be a party of record. In all other cases, the Commission shall be a party of

record." Pursuant to a legislative amendment which became effective April 7, 2000, this language was deleted and replaced by the language quoted above, making TERC a party only in cases involving orders pursuant to § 77-1504.01 or § 77-5023.

The taxpayers argue that TERC was a proper party to the appeal in *Bartlett I* under either version of the statute because they claim that "the action complained of" in *Bartlett I* was an order issued pursuant to § 77-5023. The taxpayers do not appear to take issue with TERC's assertion that the order appealed from in the current appeal was an order issued pursuant to § 77-5018. Instead, the taxpayers argue that because the current appeal is the continuation of issues related to the May 14, 1998, order issued pursuant to § 77-5023 involved in *Bartlett I*, TERC should remain a party to these proceedings. Despite TERC's having been named a party to the appeal in *Bartlett I*, the appellate record in *Bartlett I* contains a letter filed by TERC stating that the orders appealed from in *Bartlett I* were entered pursuant to § 77-5018 and that because TERC did not view itself as a proper party to *Bartlett I*, it did not intend to file any responsive pleadings.

█ The determining factor of whether TERC should be a party to this appeal is whether under § 77-5019(2)(a) "the action complained of is an order issued by [TERC] pursuant to § 77-1504.01 or § 77-5023." We conclude that "the action complained of" in this appeal is the December 21, 2001, order of TERC and that such order was an order issued pursuant to § 77-5018 relating to appeals from decisions of a county board of equalization and not an order pursuant to § 77-1504.01 or § 77-5023. We conclude that the plain language in § 77-5019(2)(a) referring to "the action complained of" refers to the particular TERC order being appealed and does not refer to a previous order of TERC which might be relevant to issues in the current appeal.

In the present appeal, although the taxpayers refer to issues related to an earlier order which they claim TERC issued pursuant to § 77-5023, "the action complained of" in the instant appeal is the December 21, 2001, order involving the appeal of decisions by a board which is an order issued pursuant to § 77-5018. In sum, under § 77-5019(2)(a), TERC is to be made a party to an appeal only when the action complained of is an order issued pursuant to § 77-1504.01 or § 77-5023, and the December 21, 2001,

order complained of in the instant appeal was not issued pursuant to either § 77-1504.01 or § 77-5023. TERC should not have been made a party to this appeal. We therefore dismiss TERC as a party to this appeal.

*TERC's Decision.*

Although TERC is not a party to this appeal, the taxpayers and the board remain as proper parties, and the appeal may proceed with the taxpayers and the board as parties. In their assignment of error summarized above, the taxpayers generally assert that TERC failed to give full and proper relief because, although the taxpayers were awarded the requested reductions in the 1998 valuations of their individual properties, TERC did not take action or order the board to take action to equalize 1998 valuations on all agricultural land throughout Dawes County. We conclude that TERC did not err in refusing to order countywide adjustments because the relief afforded the taxpayers was adequate and the additional equalization relief the taxpayers seek was not required within the context of the present proceedings which were undertaken as individual property valuation protests.

As detailed above, the present proceedings began in 1998 when the taxpayers filed property valuation protests with the board alleging that certain identified properties owned by the taxpayers were overvalued. Such protests were filed pursuant to Neb. Rev. Stat. § 77-1502 (Cum. Supp. 2002). In *Bartlett I*, we stated:

> We have consistently held that a property owner's exclusive remedy for relief from overvaluation of property for tax purposes is by protest to the county board of equalization. *Olson v. County of Dakota*, 224 Neb. 516, 398 N.W.2d 727 (1987); *Riha Farms, Inc. v. Dvorak*, 212 Neb. 391, 322 N.W.2d 801 (1982). An appeal may then be taken from the order of the county board of equalization fixing the assessed value of the property. *Id.* This remedy is full, adequate, and exclusive. *Id.*

259 Neb. at 961, 613 N.W.2d at 816.

The board denied the taxpayers' initial protests, and TERC affirmed the board's decision on appeal. The taxpayers appealed the valuation ruling to this court, and in *Bartlett I*, we reversed the decision of TERC and remanded the cause to TERC with

directions to TERC to remand the cause to the board for further proceedings on the individual protests involved therein consistent with our opinion. *Bartlett I*. As part of our decision in *Bartlett I*, we determined that TERC's May 14, 1998, order was unauthorized, and we directed that upon remand, the board was to take such determination into consideration when conducting further proceedings on the taxpayers' protests.

The protests initiated by the taxpayers in 1998 were the "exclusive remedy for relief from overvaluation" as complained of with respect to the specific pieces of property identified in the property valuation protests. Although TERC's May 14, 1998, order applicable to all agricultural properties in Dawes County was relevant to the issues raised by the taxpayers in their individual protests and in the subsequent appeals to TERC and to this court in *Bartlett I*, the scope of the initial proceedings brought on by the filing of the property valuation protests was limited to a consideration of the valuation of the specific properties identified in the taxpayers' protests.

The remand to the board ordered by this court in *Bartlett I* was limited to further proceedings on the protests originally filed by the taxpayers. Although our analysis in *Bartlett I* unavoidably required an examination of the propriety of the May 14, 1998, order which was applicable to all agricultural properties in Dawes County, our opinion in *Bartlett I* did not expand the scope of the proceedings or direct the relief beyond the properties identified in the taxpayers' individual protests. Although the reasoning of *Bartlett I* may have had an implication beyond the interests of the taxpayers, the remand ordered in *Bartlett I* did not provide relief to all agricultural land in Dawes County.

On remand of these proceedings under *Bartlett I*, the board and TERC were directed to determine proper adjustments to the valuations of the properties that were the subjects of the original protests of the taxpayers in *Bartlett I*. Although the board on remand denied the protests with respect to certain properties, TERC on appeal gave the taxpayers the complete relief initially requested by them with respect to those properties. The relief afforded by TERC was adequate and comports with the relief originally sought by the taxpayers and the terms of this court's remand in *Bartlett I*. We therefore find no error in TERC's failure

to grant the taxpayers relief beyond the relief TERC granted with respect to the taxpayers' specific properties.

The taxpayers' arguments on appeal all relate to TERC's failure to take action or order the board to take action to remedy the adjustments made pursuant to TERC's May 14, 1998, order and to equalize 1998 valuations on all agricultural land throughout Dawes County. Such additional relief was not necessary to resolve the case. There is no merit to the taxpayers' assignment of error. Accordingly, we affirm.

## CONCLUSION

We conclude that TERC should not have been made a party to the present appeal, and we therefore dismiss TERC as a party to this appeal. We further conclude that TERC did not err in failing to issue additional orders beyond the individual relief requested by the taxpayers because such additional relief was not required within the context of these proceedings. We therefore affirm TERC's order of December 21, 2001.

AFFIRMED.